UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANTRONICS, INC., <br><br> Plaintiff(s), <br><br> v. <br><br> ALIPH, INC., et al., <br><br> Defendant(s). | No. C09-1714 BZ <br><br> **ORDER ON MOTION TO SEAL** |

    Plantronics, Inc. ("Plantronics") has filed a motion to seal portions of the Declarations of Gabriele Bungardt ("Bungardt Declaration") and Jessie J. Ho ("Ho Declaration"). (Docket No. 196.) Defendants Aliph, Inc. and Aliphcom, Inc. ("Aliph") filed a declaration in support of Plantronics' motion to seal portions of Exhibits 11 and 12 of the Ho Declaration, as well as portions of Exhibits 6,7 and 8 to the Ho Declaration. (Docket No. 212.) This declaration does not address the motion to seal as it pertains to the Bungardt Declaration.

    As discussed below, both parties have failed to make the necessary showing for sealing documents as required by Foltz

1

1  v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir.
2  2003) and Contratto v. Ethicon, Inc., 227 F.R.D. 304, 307-08
3  (N.D. Cal. 2005).  Specifically, the fact that information was
4  produced pursuant to a protective order is not by itself a
5  grounds for sealing a public document.  Moreover, some of the
6  efforts to seal information show a complete disregard for the
7  sealing process.  For example, Plantronics attempts to seal,
8  Exhibits 1 and 2 of the Bungardt Declaration without any
9  explanation of why these exhibits contain any sealable
10 information.  This underscores that Plantronics has not
11 narrowly tailored its request to "seek sealing of only
12 sealable material" as required by Local Rule 79-5(a).
13 Plantronics only offers one conclusory sentence as to why
14 these exhibits should be filed under seal – that they contain
15 "proprietary and confidential information" – which is
16 insufficient to satisfy the standards under Foltz and
17 Contratto. (See Docket No. 196-1 at ¶ 4.)  While it is
18 conceivable that there may be information in the exhibits to
19 the Bungardt Declaration that can be properly sealed, because
20 Plantronics has not made a good faith effort to narrowly
21 tailor its request, or to justify the need for secrecy in a
22 publicly filed document, Plantronics' motion to seal portions
23 of the Bungardt Declaration is **DENIED**.
24      To the extent that Plantronics moves to seal documents
25 that were designated confidential by Aliph in discovery, it
26 was Aliph's burden to file a declaration demonstrating that
27 the designated information is sealable as required by Local
28 Rule 79-5(d).  Aliph's declaration concerns itself only with

the Ho Declaration exhibits. There is a great deal of information in Exhibits 6-8 of the Ho Declaration that does not address or contain sealable information. Aliph, like Plantronics, has failed to narrowly tailor its requests to seal in accordance with the Local Rules and the above-referenced authority, and Plantronics' motion to seal Exhibits 6-8 of the Ho Declaration is therefore also **DENIED.** Aliph's declaration does, however, identify specific portions of Exhibits 11 and 12 of the Ho Declaration that it wishes to seal, and having reviewed the information and Aliph's explanation for why this information should be sealed from public disclosure, I am satisfied that this information is sealable. Accordingly, Plantronics' motion to seal portions of Exhibits 11 and 12 of the Ho Declaration is **GRANTED.**

**IT IS SO ORDERED.**

Dated: March 23, 2012

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\PLANTRONICS V. ALIPH\ORDER on Plantronics Mot to Seal.wpd

3