UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| PLANTRONICS, INC.,<br><br>　　　　Plaintiff,<br>　v.<br>ALIPH, INC. et al,<br><br>　　　　Defendants.<br>_____/ | No. C 09-01714 WHA (LB)<br><br>ORDER REGARDING TAXING OF COSTS |

　　The court held a hearing on Aliph's motion to tax costs and has a question for Aliph. According to its written submissions, its in-house discovery costs resulted from Aliph's use of discovery tools to "scan, convert, and reproduce discovery documents" to comply with its discovery obligations. Lee Decl., ¶ 25. It collected "[d]iscovery documents from over 40 directories and/or databases and 25 custodians in response to Plantronics' discovery requests." *Id.* It adds that the "costs of reproduction, scanning and conversion of client documents were necessary for review and production of documents" under Rule 26, Plantronics' requests, and the parties' agreement regarding form of production. *Id.*, ¶ 26. It produced 23.6 gigabytes of data and over 347,795 pages. *Id., ¶*26.

　　In its opposition, Plantronics notes that Aliph processed over 102 gigabytes of data, almost five times more than the 23.6 gigabytes that Aliph actually produced. Opposition, ECF No. 38 at 28; Bohrer Supp. Decl,, ECF No. 239, ¶ 4; Lee Decl., ECF No. 227-1, ¶ 26.

　　The court assumes from all of this that the ESI processing reflected in Aliph's chart in its motion may have resulted in processed gigabytes (essentially, a universe of potentially producible

ORDER (C 09-01714 WHA (LB))

documents) that exceeded the 23.6 gigabytes/347,795 pages produced but was smaller than the 102 gigabytes processed (due to de-duping and other processing-related reasons). Put another way, Aliph would have reviewed that intermediate processed amount, eliminated information based on relevance, privilege, or other reasons, and produced what was discoverable (the 23.6 gigabytes and 347,795 pages).

If this is true, the court invites Aliph to file a one-page document with these intermediate numbers (gigabytes/pages reviewed) with a short supporting declaration by Monday, October 22, 2012, at 1 p.m. Aliph need not file that clarification but should notify the court that it chooses not to by the same deadline. (Either outcome is fine.) If Aliph files the document with the additional information, Plantronics may respond by 5 p.m. (If this is an unreasonable schedule, the parties may let the court know, but the information that the court seeks is discrete and non-burdensome.)

**IT IS SO ORDERED.**

Dated: October 21, 2012

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (C 09-01714 WHA (LB))

2