IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLANTRONICS, INC.,

    Plaintiff,

v.

ALIPH, INC., et al.,

    Defendantsa.

/

No. C 09-01714 WHA

**ORDER RE SEALING MOTION (DKT. NO. 287)**

    Plaintiff moves to seal three exhibits and redactions contained in an exhibit and its motion *in limine*. In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised.

    **1.    REDACTIONS TO PLAINTIFF'S MOTION *IN LIMINE*.**

    Motions *in limine* are part of the trial and must be laid bare absent compelling reasons. The proposed redactions fail to meet the compelling reason, or even the good cause standard. Plaintiff, for example, seeks to redact the following sentence:

> Dr. Leonard does not cite nor otherwise rely upon Aliph's technical experts, Aliph's engineers or any other person with technical training to support his characterization of the Freebit earbud technology as 'non-infringing' (*id*. ¶¶ 37, 40), something 'Aliph could have implemented' (*id*.) and a design that 'could achieve similar functionality' to the infringing products (*id*. ¶ 37).

(Br. 9). This cannot possibly be sealable. The request to seal portions of plaintiff's motion *in limine* is **DENIED**.

### 2. REDACTIONS TO EXHIBIT C.

Plaintiff seeks to redact footnotes citing discovery documents and two percentages contained in excerpts of the expert report of Matthew R. Lynde. This too is not sealable. The request to seal redacted portions of exhibit C is **DENIED**.

### 3. ENTIRETY OF EXHIBIT E.

Plaintiff seeks to seal the entirety of exhibit E which is the expert report of Dr. Gregory K. Leonard. Significant portions of this exhibit are not sealable. For example, Dr. Leonard's 17-page CV, an 87-page list of documents considered, and numerous paragraphs in Dr. Leonard's report are not sealable.

The request to seal the entirety of exhibit E is **DENIED**. Plaintiff may file an administrative motion for leave to file under seal narrowly tailored redactions in accordance with governing case law (and with an appropriate declaration) for exhibit E by **DECEMBER 9 AT NOON**. Aggressive application of redactions will be looked upon with disfavor.

### 4. ENTIRETY OF EXHIBIT F.

Plaintiff seeks to seal excerpts of the deposition testimony of Dr. Leonard. This request is **GRANTED**.

### 5. ENTIRETY OF EXHIBIT G.

Plaintiff seeks to seal a license dated January 7, 2011. This request is **GRANTED**.

**IT IS SO ORDERED.**

Dated: December 5, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2