IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLANTRONICS, INC.,

    Plaintiff,

v.

ALIPH, INC., et al.,

    Defendants.

No. C 09-01714 WHA

**ORDER RE SEALING MOTION (DKT. NO. 308)**

Defendants move to seal the entirety of three exhibits in support of its opposition to plaintiff's motion *in limine*, rather than propose sealing narrowly tailored redactions. Many portions of these exhibits are not sealable. For example, the following paragraph in Exhibit A cannot possibly be sealable:

> However, I understand that it is further necessary to address the issue of the existence of acceptable non-infringing substitutes for the patented technology, and whether the patented technology forms the basis of demand for the relevant product sales. The fact that the patented technology is used on only some of the products in the premium market provides evidence about demand for that technology. The '453 Patent relates to stabilizing earbud technology that is incorporated into the earbuds used with the accused Aliph Jawbone headsets.

This excerpt in Exhibit B is also not sealable:

> Q. Okay. So you regard the use of the ear loop with the round earbud that originally came with the JB2 as a non-infringing alternative; correct?
>
> A. It -- I have been asked to assume that that is a non-infringing alternative, yes.

> Q. Do you regard it as such?
>
> A. I do.
>
> Q. Okay. Where did you do any calculations that are based on that technology, namely, the round earbud and the ear loop? Did you do any calculations to show what that but-for world would look like if Aliph used the round earbud and the ear loop -- I'm going to withdraw that question. May I -- may I ask you another question?
>
> A. Certainly.
>
> Q. Okay. The round earbud that originally came with the JB2 and the ear loop is a non-infringing alternative; true?
>
> A. That's my understanding, yes.

(Lynde Dep. 95:24–96:17). This paragraph in Exhibit C is also not sealable:

> Should the patent in suit be found valid, enforceable and infringed, I understand Plantronics may not be granted an injunction and the Court may instead instruct that the parties enter into a license for the patents-in-suit. Should this occur, I may be asked to provide additional information or data, beyond what has been considered in this report, which may assist in determining royalties. The type of additional information which may be relevant to such an analysis would include, but not be limited to, accused sales, market data, information on current alternatives available to the defendants and/or in the marketplace, any license agreements and/or offers not already considered.

The request to seal the entirety of Exhibits A, B, and C is **DENIED**. Defendants may file an administrative motion for leave to file under seal *narrowly tailored* redactions in accordance with governing case law (and with an appropriate declaration) for Exhibits A, B, and C by **DECEMBER 24 AT NOON**. As previously stated, aggressive application of redactions will be looked upon with disfavor. Both sides have now had an opportunity to propose narrowly tailored redactions. The parties should be mindful of Local Rule 79-5(b) and related case law.

**IT IS SO ORDERED.**

Dated: December 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2