QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Robert P. Feldman (Bar No. 69602)
  bobfeldman@quinnemanuel.com
  Dane W. Reinstedt (Bar No. 275447)
  danereinstedt@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

  John M. Neukom (Bar No. 275887)
  johnneukom@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:     (415) 875-6600
Facsimile:     (415) 875-6700

Attorneys for Defendants Aliph, Inc. and Aliphcom, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PLANTRONICS, INC.,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALIPH, INC. AND ALIPHCOM, INC.,<br><br>        Defendants. | CASE NO. 09-cv-01714-WHA<br><br>[PROPOSED] ORDER GRANTING ALIPH, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF OPPOSITION TO MOTION IN LIMINE<br><br>Date:         January 9, 2013<br>Time:         8:00 a.m.<br>Courtroom: 8, 19th Floor<br>Judge:        Hon. William Alsup |

Case No. 09-cv-01714-WHA
[PROPOSED] ORDER GRANTING ALIPH'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

## [PROPOSED] ORDER

Now before the Court is Defendant Aliph, Inc.'s Administrative Motion for Leave to File Documents Under Seal. Upon consideration of the motion and the supporting declaration of Dane W. Reinstedt filed therewith, the Court finds there to be good cause for granting Aliph's request to file documents under seal.

GOOD CAUSE having been shown, the Court finds that:

1. The parties possess overriding confidentiality interests that overcome the right of public access to the record in the following documents or portions thereof:

| Document | Portion to be Sealed |
|---|---|
| Requested Seal Doc. No. 1 (Exhibit A to Reinstedt Declaration ISO Opposition to Motion in Limine) | Redacted Portions |
| Requested Seal Doc. No. 2 (Exhibit C to Reinstedt Declaration ISO Opposition to Motion in Limine) | Redacted Portions |

2. The parties' confidentiality interests support sealing the records.

3. A substantial probability exists that the parties' overriding confidentiality interests will be prejudiced if the record is not sealed as requested;

4. The proposed sealing is narrowly tailored and no less-restrictive means exist to achieve this overriding interest.

IT IS SO ORDERED.

DATED: December 27, 2013.

