IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANTRONICS, INC., | No. C 09-01714 WHA |
| Plaintiff, | |
| v. | **ORDER RE PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE PORTIONS OF DAMAGES EXPERT DR. GREGORY K. LEONARD** |
| ALIPH, INC., et al., | |
| Defendants. | |

For our upcoming trial, plaintiff Plantronics, Inc. seeks lost profits and reasonable royalties. In opposition, for purposes of a hypothetical negotiation, defendants Aliph, Inc. and Aliphcom, Inc. have disclosed an expert report that *assumes* (without proof) that a particular unasserted patent owned by a third-party (United States Patent No. 6,944,307) and covering the Freebit "C type" technology (1) would have been an "acceptable non-infringing substitute" for purposes of lost profits and (2) a license thereto would have supplied a "comparable license" rate for purposes of a reasonable royalty opinion. Plaintiff seeks to strike all such expert testimony based on these assumptions, given that, plaintiff says, the assumptions lack foundation.

With respect to comparability, however, a jury could reasonably conclude on the face of the two patents that the two patents are comparable, so on that foundation alone, Dr. Gregory K. Leonard may give his testimony on comparability and reasonable royalty. The motion is **DENIED** as to this aspect.

With respect to acceptable non-infringing substitutes, however, there is no such easy possibility. Dr. Leonard is a mere economist, not a technical expert and cannot opine that the '307 patent was an acceptable non-infringing substitute. Nonetheless, the possibility exists that

through skillful cross-examination of plaintiff's witnesses and/or other evidence, the trial evidence may develop in a way for the jury to reasonably conclude that the '307 patent presented an acceptable non-infringing substitute to the asserted patent, thus supplying the missing foundation. By the time Dr. Leonard is called to the stand, we will know the state of the record and whether (or not) such foundation has been laid. Meanwhile, no reference to Dr. Leonard and the Freebit technology as an acceptable non-infringing substitute may be made in the presence of the jury.

The foregoing ruling is without prejudice to the further issue as to which side has the burden of proof on the existence (or not) of acceptable non-infringing substitutes, a legal question yet to be decided (except to note that *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978), has indeed been approved by the Federal Circuit for proving lost profits).

**IT IS SO ORDERED.**

Dated: January 10, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE