IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANTRONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALIPH, INC., et al, <br><br> Defendants. | No. C 09-01714 WHA <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL DKT. NO. 368** |

In this circuit, we start with a strong presumption in favor of access to court records. *Foltz v. State Farm Mutual Automobile Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Judicial records are public documents almost by definition, and the public is entitled to access by default. This is because the public has an interest in "understanding the judicial process" as well as "keeping a watchful eye on the workings of public agencies." Public access to judicial operation is foundational to the functioning of the government.

In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised. Motions *in limine* are part of the trial and must likewise be laid bare absent compelling reasons.

1    On February 12, the parties filed a joint administrative motion for leave to file under seal
2 portions of defendants' motion *in limine* number 3, plaintiff's opposition, and exhibit 6 to
3 plaintiff's opposition (Dkt. No. 368).  The request to seal exhibit 6 is **GRANTED**.

4    The request to seal the proposed redactions in defendants' motion and plaintiff's
5 opposition is **DENIED**.  The only support proffered for sealing the proposed redactions is that the
6 briefs contain "confidential references to Plantronics contractual negotiations with a non-party to
7 this case" (Parker Decl. ¶¶ 4–5).  No other justification is provided.  No declarations from the
8 third-party, or even Plantronics were submitted.

9    The parties chose to avail themselves to the public court system to resolve their disputes.
10 Their disputes include the admissibility of an offer plaintiff made to a third-party.  This order
11 will not shield the name of the third-party contained in the parties' briefs.  The parties are also
12 advised that absent compelling reasons, the upcoming trial shall occur in open court.  By **NOON**
13 **ON FEBRUARY 21**, the parties shall re-file their briefs in accordance with this order.

**IT IS SO ORDERED.**

Dated:  February 18, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2