IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLANTRONICS, INC.,

    Plaintiff,

v.

ALIPH, INC., et al.,

    Defendants.

No. C 09-01714 WHA

**ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* NO. 1 REGARDING PROFESSOR KATZ**

    For the reasons stated below, defendants' motion *in limine* to exclude the opinions and expert report of Professor Barry Katz is **GRANTED**.

    A centerpiece to this action is the fit of the accused earbuds in the human ear. Yet, plaintiff's infringement expert, Professor Katz, did nothing more than try defendants' products on various (unidentified) ear molds and state that defendants' products infringed based on conclusory *ipse dixit* recitations of claim limitations with no explanation or analysis. This will not be helpful to our jury. Furthermore, Professor Katz never conducted any quantitative analysis (*i.e.,* size, measurements, dimensions, or positioning) of the earbuds, headsets, and ear molds he examined even though at oral argument, the parties agreed that a critical dispute in this action is whether the accused products are "dimensioned to contact an upper concha" as recited in asserted claim 10 (Katz Dep. 92:14–24, 104:9–17, 227:7–17). Professor Katz also never even identified which particular ear molds — of the sixty ear molds on plaintiff's Wall of Ears — he tested. His reliance on Exhibit 304, which contains the dimensions of the accused products, and his "visual examination" of the products do not suffice. In a declaration, he also admitted that the photographs in his report were to "illustrate the points" in his report and in deposition, he admitted *counsel* chose the photographs. He could not even identify which molds were depicted

in the photographs (Katz Dep. 78:25–80:9, 228:1–5).  Professor Katz does not have an engineering degree and, indeed, the parties agree that he does not qualify as a person of ordinary skill in the art as defined by Magistrate Judge Zimmerman (Dkt. No. 142 at 3, n. 2).  His qualifications do not, on their own, suffice to strike him because his industrial design and physical examination of the accused products could be of aid.

What justifies striking him at the end of the day is that his report merely parroting the claim language to find infringement will be unhelpful to the jury.  Bald claim-ridden statements — with no analysis — that simply proclaim that defendants' products infringe cannot help the jury in making their findings.  FRE 702 permits expert testimony by a qualified expert using his scientific, technical, or other specialized knowledge to help the trier of fact understand the evidence or determine the facts in issue.  Professor Katz's *ipse dixit* statements in his report fail on this ground and thus his testimony is now disallowed.

**IT IS SO ORDERED.**

Dated:   February 20, 2014.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

2