IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLANTRONICS, INC.,

    Plaintiff,

v.

ALIPH, INC., et al.,

    Defendants.
    /

No. C 09-01714 WHA

**ORDER GRANTING DEFENDANTS' MOTION *IN LIMINE* NO. 2 REGARDING PROFESSOR KATZ'S SUPPLEMENTAL REPORT**

    For the reasons stated below, defendants' motion *in limine* to exclude reliance on the supplemental report of Professor Barry Katz is **GRANTED**.

    Professor Katz's supplemental report is intended to be, as the parties agree, "directed to the issue of secondary considerations of non-obviousness, including copying and commercial success" (Opp. 1, Br. 1). Within the span of a four-page chart, Professor Katz concluded — based on an examination conducted "visually" and "tactically" — that twenty non-accused products from nine different manufacturers (including plaintiff) practiced four claims of the asserted patent. No analysis was provided. No technical design documents, product specifications, or empirical data were analyzed. Rather, all he did was open each non-accused product, examine them for twenty to thirty minutes, and provide *ipse dixit* statements that the products are covered by the claims (Dkt. No. 199 at 7). For plaintiff's products, he tried them on his ear and on plaintiff's "Wall of Ears." The Wall of Ears is a collection of sixty ear molds. He did not include measurements, sizing, or positioning data for the products he fit on plaintiff's Wall of Ears. He never even identified which of the sixty ear molds he tested. He also did not test the third-party products on the Wall of Ears because they had "similar dimensions to the Plantronics and Aliph products that he did test on the Wall of Ears" (Opp. 5, Dkt. No. 199 at 7).

This is sloppy. In any event, he failed to disclose any reliable "methodology" or analysis in his report, other than to vaguely state that he "studied" the twenty products. Appended to his conclusory seven-page report are photographs of the packaging and products he examined.

Moreover, Professor Katz lacks engineering training. It therefore strains belief to find that it would be helpful to a jury to present Professor Katz's claim-ridden conclusions that certain limitations are met for twenty products he bundled together to find as covered by four claims in the span of a four-page chart. He included no explanation or analysis in his report. For example, he opined that:

> All of the headsets listed in Section IV (as well as those that would be used with the earbuds listed in Section IV) include a receiver of a size that fits between the tragus and antitragus. When placed in an ear, the receiver has a tragus and antitragus contact point substantially opposite each other.
>
> \*     \*     \*
>
> The concha stabilizer(s) for earbuds packaged with the headsets listed in Scetion [sic] IV is/are dimensioned to contact the upper concha when the receiver is between the tragus and the antitragus.

(Dkt. No. 366-3 at 6). Section IV lists twenty headsets from nine manufacturers, including plaintiff, Blackberry, Samsung, Motorola, and others. Independent claim 10 is shown below:

> 10. A headset comprising:
>
> *a receiver sized to fit between a tragus and an antitragus of an ear, the receiver having a tragus contact point, and an anti-tragus contact point disposed substantially opposite to the tragus contact point*;
>
> an ear cushion dimensioned to cover a portion of the receiver; and
>
> a concha stabilizer coupled to the ear cushion and *dimensioned to contact an upper concha* between an antihelix and a crux of a helix with the *receiver disposed between the tragus and the antitragus.*

(col. 6:5–15) (emphasis added). Infringement expert opinions cannot be based on such bald wholly-conclusory recitations of the claims with no analysis whatsoever. Parroting claim limitations cannot suffice and is utterly unhelpful to a lay jury.

In addition, Professor Katz opined about claims 1, 7, 10, and 11. The trial is now reduced to claims 10, 33, 34, 37, and 38 of the asserted patent (Dkt. No. 371). Professor Katz's

1  opinions on unasserted claims (except claim 10) have little bearing on the upcoming trial and
2  may confuse the jury.
3     A companion order identifies similar defects with Professor Katz's opening infringement
4  report which listed a series of *ipse dixit* statements that defendants' products infringe (Dkt. No.
5  384).  That report and his opinions therein have been disallowed as well.

7  **IT IS SO ORDERED.**

9  Dated:   February 20, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE