IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PLANTRONICS, INC.,

    Plaintiff,

  v.

ALIPH, INC., et al.,

    Defendants.

No. C 09-01714 WHA

**FINAL PRETRIAL ORDER**

**FOR GOOD CAUSE** and after final pretrial conferences were held on February 19 and February 25, the following constitutes the final pretrial order:

    1.    This case shall go to a **JURY TRIAL** on **MARCH 6, 2014**, at **7:30 A.M.**, and shall continue until completed on the schedule discussed at the conference. The issues to be tried shall be those set forth in the joint proposed pretrial order except to the extent modified by companion orders *in limine*. This final pretrial order supersedes the complaint, answer and any counterclaims, cross-claims or third-party complaints, *i.e.*, only the issues expressly identified for trial remain in the case.

    2.    Rulings on the motions *in limine* have been summarized in companion orders.

    3.    Except for good cause, each party is limited to the witnesses and exhibits disclosed in the joint proposed final pretrial order less any excluded or limited by companion orders *in limine*. Specifically, Ken Kannappan and Jennifer Jack have been excluded from the case-in-chief because they were not timely disclosed in initial disclosures (Dkt. No.377). Infringement expert, Professor Barry Katz, is excluded for the reasons discussed in the February

20 order (Dkt. No. 384). Materials or witnesses used solely for impeachment and possibly for rebuttal cases need not be disclosed and may be used, subject to the rules of evidence.

4. The stipulations of facts set forth in the joint proposed final pretrial order are approved and binding on all parties. They must be read to the jury by the proponent.

5. A jury of **EIGHT PERSONS** shall be used.

6. Each side shall have **FIFTEEN HOURS** to examine witnesses (counting direct examination, cross-examination, re-direct examination, re-cross examination, etc.). Opening statements and closing arguments shall not count against the limit. If, despite being efficient, non-duplicative, and non-argumentative in the use of the allotted time, one side runs out of time and it would be a miscarriage of justice to hold that side to the limit, then more time will be allotted. Opening statements by each side shall not exceed **ONE HOUR**. The time allotted for closings shall be decided after the evidence is heard.

7. During adverse examination of a witness, the non-examining side shall not communicate with said witness, except for resolving privilege or scheduling issues. Specific requests for relief from this provision may be entertained upon timely request, including the weekend problem referenced by counsel.

8. Each side shall come prepared with relevant discovery correspondence related to discovery disputes raised during trial.

9. By **NOON ON FEBRUARY 28**, the parties shall file an agreed-upon statement regarding the case (**NOT TO EXCEED ONE PAGE**).

10. By **NOON ON MARCH 4**, the parties shall file an agreed-upon timeline of events which may be used for the benefit of the jury. Please prepare a poster-sized timeline.

11. The parties shall follow the Court's current *Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases*, separately provided and available on the Internet at http://www.cand.uscourts.gov, which guidelines are incorporated as part of this order.

**IT IS SO ORDERED.**

Dated: February 26, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE