IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANTRONICS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>ALIPH, INC., et al.,<br><br>    Defendants.<br>                                    / | No. C 09-01714 WHA<br><br>**ORDER REGARDING WILLFULNESS AND PLAINTIFF'S MOTION *IN LIMINE* NO. 2 REGARDING COMMUNICATIONS WITH COUNSEL** |

At trial, Aliph will not be permitted to reference communications with counsel wherein privilege was asserted over the contents because privilege cannot be used as a sword and a shield. Indeed, Aliph agrees that because it asserted the attorney-client privilege over discovery directed at any advice of counsel it received, it will not rely on the "advice of counsel" defense (Opp. 1). In that regard, it would be unfairly prejudicial to permit Aliph to reference at trial any communications between Aliph and its counsel regarding the asserted patent, any investigation of the asserted patent, and any investigation of any potential infringement of the asserted patent by Aliph, for which the privilege was asserted. Aliph shall not do so for such references could be interpreted as implicit approval by counsel.

For its part, Aliph piggy-backs on Plantronics' motion and seeks to preclude Plantronics from "presenting evidence, inquiring of witnesses or arguing to a jury in any manner that would suggest that Aliph did *not* seek the advice of counsel, or that the advice Aliph received was unfavorable" (Opp. 7). Before any such statement is made to the jury, the subject must be cleared with the judge, for the Federal Circuit has stated that "there is no affirmative obligation to obtain [the] opinion of counsel." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (en banc).

On a separate point, Magistrate Judge Bernard Zimmerman granted in part and denied in part Aliph's motion for summary judgment of non-infringement and invalidity (a decision subsequently reversed in part by the Federal Circuit). Contrary to Aliph, that circumstance does not translate to a *per se* rule of objective reasonableness. No Federal Circuit decision has held that just because a prior judge granted summary judgment of non-infringement and invalidity, the accused was immunized from willfulness, even though the decision was reversed.

Aliph points to *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1335–37 (Fed. Cir. 2009). In *DePuy*, the Federal Circuit affirmed a grant of JMOL of no willfulness. The issue of non-infringement under the doctrine of equivalents was sent to the jury, after a decision granting summary judgment of no literal infringement was affirmed. *Id*. at 1320. Even though the jury found infringement under the doctrine of equivalents, the Federal Circuit stated that just because the doctrine of equivalents issue was submitted to the jury, that did not "automatically immunize" the accused infringer from a finding of willfulness. *Id*. at 1337. The record developed at trial, viewed objectively, showed the doctrine of equivalents question to be a "close one." *Ibid*. Because the patentee failed as a matter of law to satisfy the first prong of *Seagate* — that is, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent — the Federal Circuit would not address the patentee's evidence regarding copying and the accused infringer's "design around" rebuttal evidence. *Ibid*.

*DePuy* never held that a prior, but reversed, summary judgment of non-infringement or invalidity automatically defeats a willfulness claim. It may well be that Plantronics will ultimately fail to meet its burden, but nevertheless, that remains to be seen.

The closest Aliph comes to a decision on this point is *Solvay, S.A. v. Honeywell Specialty Materials LLC*, 827 F. Supp. 2d 358, 367 (D. Del. 2011) (Judge Sue Robinson). But even in *Solvay*, a decision with at most persuasive authority, Judge Sue Robinson granted summary judgment of invalidity and made summary judgment infringement findings (some claims were infringed and others were not). *Id*. at 360. The Federal Circuit upheld the findings of infringement but reversed in part the invalidity finding. *Ibid*. Judge Robinson then concluded

2

1  that summary judgment of no willfulness was appropriate because the accused infringer
2  presented a credible invalidity defense, precluding a finding of objective recklessness, despite
3  the Federal Circuit's ultimate rejection of the defense. *Id*. at 366. She declined to characterize
4  her prior ruling as baseless and found that the patentee had not presented evidence sufficient to
5  support a finding of willfulness under *Seagate*. *Id*. at 366–67.

6  Whereas Judge Robinson had the benefit of a developed record and full briefing on the
7  issues of willfulness and invalidity, here, Aliph asks the undersigned judge to find no willfulness
8  under the first *Seagate* prong on Plantronics' motion *in limine* about privilege — without the
9  benefit of any briefing or developed record — simply because a prior judge granted in part their
10 summary judgment motion, which was reversed. Perhaps if Aliph had brought a motion for
11 summary judgment of no willfulness earlier, it may have prevailed. But it did not and the
12 undersigned judge has no such record. To blindly find that Plantronics cannot meet its burden
13 under *Seagate* is premature. Moreover, Judge Robinson expressly declined to characterize her
14 prior ruling as baseless and specifically concluded that the accused infringer presented a
15 "credible invalidity defense." *Id*. at 366. It is premature for this undersigned judge to make such
16 a finding at this point. Before any reference to Magistrate Judge Zimmerman's summary
17 judgment decision can be made in the presence of the jury, it must be cleared with the judge.

18 After Plantronics' case-in-chief is presented and/or after Aliph's case-in-chief is
19 presented, the Court may entertain timely-brought FRCP 50(a) motions and possibly find that
20 Plantronics has not made its threshold showing for willfulness. The judge will, as required,
21 decide the issue of objective reasonableness, taking into account the trial record and the
22 summary judgment order by Magistrate Judge Zimmerman. *Bard Peripheral Vascular, Inc. v.*
23 *W.L. Gore & Associates, Inc.*, 682 F.3d 1003, 1008 (Fed. Cir. 2012), cert. denied, 133 S. Ct. 932
24 (2013).

25 **IT IS SO ORDERED.**

27 Dated: February 26, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3